# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| CHERYLL CLEWETT, *on behalf of herself and others similarly situated*,<br><br>                              Plaintiff,<br><br>      vs.<br><br>COVERAGE ONE INSURANCE GROUP, LLC,<br><br>                              Defendant. | Case No.  4:23-cv-4461<br><br>**CLASS ACTION**<br><br>**DEFENDANT, COVERAGE ONE INSURANCE GROUP, LLC'S PARTIAL MOTION TO DISMISS AND ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTFF, CHERYLL CLEWETT'S AMENDED COMPLAINT**<br><br>**Filed concurrently with:**<br>1. **[Proposed] Order Granting Defendant's Partial Motion to Dismiss** |

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant, Coverage One Insurance Group, LLC ("Defendant" or "Coverage One") through its counsel, hereby moves to partially dismiss the Amended Class Action Complaint (Dkt. 20, "Amended Complaint") filed by Plaintiff, Cheryll Clewett ("Plaintiff" or "Ms. Clewett") and subject thereto files its Answers and Affirmative Defenses to the Amended Complaint. The Southern District of Texas has held that the filing of a motion for partial dismissal tolls a defendant's time to file a responsive pleading on unchallenged claims pursuant to Fed. R. Civ. P. 12(a)(4). *See Banik v. Thompson*, 7:16-CV-00462, 2017 WL 11713709 at *2 (S.D. Tex. Dec. 11, 2017). Accordingly, Defendant, Coverage One files its Answer and Affirmative Defenses to Plaintiff's Amended Complaint subject to Defendant's Partial Motion to Dismiss, stating as follows:

///////

---

PARTIAL MOTION TO DISMISS AND ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTFF'S AMENDED COMPLAINT

# I.    PARTIAL MOTION TO DISMISS

Plaintiff, Cheryll Clewett's ("Plaintiff" or "Ms. Clewett") Amended Class Action Complaint (Dkt. 20, "Amended Complaint") alleges four causes of action against Defendant, Coverage One Insurance Group, LLC ("Defendant" or "Coverage One"), with three of such causes of action reliant on allegations that Coverage One violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA") and/or the Texas Business and Commercial Code § 305.053 ("Texas TCPA")[1] by making certain telephone calls to Plaintiff on behalf of non-party, 1Life Healthcare, Inc. d/b/a One Medical ("One Medical"), and with the other cause of action based on allegations that by making such telephone calls on behalf of One Medical, Defendant, Coverage One violated the registration certificate requirement of Texas Business & Commerce Code ("TX Bus. & Com.") § 302.101. Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant, Coverage One, moves to dismiss Plaintiff's cause of action based on TX Bus. & Com. § 302.101 (the "Registration Certificate Claim") for failure to state a claim as Coverage One is not a "seller" as defined by TX Bus. & Com. § 302.001(5) and therefore not subject to TX Bus. & Com. § 302.101, which provides that "[a] *seller* may not make a telephone solicitation … to a purchaser located in this state unless the *seller* holds a registration certificate for the business location from which the telephone solicitation is made." (emphasis added).[2] Plaintiff's Registration Certificate Claim is meritless and further contradicted and made implausible by the allegations in Plaintiff's Amended Complaint and should be dismissed with prejudice.

---

[1] *See Cherkaoui v. Santander Consumer USA, Inc.*, 32 F. Supp. 3d 811, 815 (S.D. Tex. 2014) ("The Texas TCPA proscribes only that conduct which is also prohibited by the TCPA. If no violation of the TCPA exists, there is no violation of the Texas TCPA.")

[2] Defendant does not concede Plaintiff asserts a viable claim under the TCPA or the Texas TCPA (collectively, the "TCPA Claims"). Indeed, Plaintiff's TCPA Claims also fail. But, Defendant has elected not to assert a pleadings challenge to the TCPA Claims.

## Legal Standard

In resolving a motion to dismiss, this Court must accept the complaint's well-pleaded factual allegations as true. *E.g., Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005). The term "well-pleaded" is critical: courts need not, and may not, accept any factual allegation, but only those that state "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). Thus, a complaint that offers labels and conclusions or a "formulaic recitation of the elements of a cause of action will not do," *Id.* at 555. A court need not, and may not, accept "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IPAxess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Ultimately, to survive a motion to dismiss, a plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

## Argument

Here, Plaintiff's Registration Certificate Claim[3] based on TX Bus. & Com. § 302.101 is invalid and implausible on its face as Defendant, Coverage One is not a seller. Specifically, as stated herein, TX Bus. & Com. § 302.101 provides that "[a] *seller* may not make a telephone solicitation … to a purchaser located in this state unless the *seller* holds a registration certificate." (emphasis added). TX Bus. & Com. § 302.001(5) defines seller as "a person who makes a telephone solicitation on the person's *own behalf*." (emphasis added). Critically, in order to determine if a person has violated TX Bus. & Com. § 302.101 for making telephone solicitation

---

[3] For the sake of clarity, Plaintiff's Registration Certificate Claim is the "Third Cause of Action" in Plaintiff's Amended Complaint, set forth in Paras. 239 through 243 therein.

in Texas without a registered certificate, there must also be a determination that the person making such telephone solicitation is a seller as defined in TX Bus. & Com. § 302.001.

This issue was discussed in *Guadian v. United Tax Def. LLC*, EP-23-CV-00349-KC, 2024 WL 140249 (W.D. Tex. Jan. 12, 2024) where the Western District recited the effect of TX Bus. & Com. § 302.101 and stated that "Section 302.101 makes it a violation for 'a seller' to 'make a telephone solicitation ... to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made.'  2024 WL 140249 at * 6 (quotations in the original). Ultimately, the Court in *Guadian v. United Tax Def. LLC* held that the defendant was a seller, since such defendant ordered that the calls be made on its own behalf, in order to promote its financial assistance services. *Id.*

In her Amended Complaint, Plaintiff expressly claims that the alleged telephone solicitations made by Coverage One (or its agent) were made, not on Coverages One's own behalf, but on behalf of One Medical. Specifically, Plaintiff's Registration Certificate Claim is based on two alleged telephone solicitations made by Coverage One (or its agent) to Plaintiff occurring on July 13, 2023 and July 18, 2023. Plaintiff, however describes these calls as being made on behalf of One Medical, e.g. Amended Complaint, Para 58 ("The first call Ms. Clewett received from Coverage One ***on behalf of*** One Medical occurred on July 13, 2023,") and Para 95 ("On or about July 18, 2023 Ms. Clewett received another call from Coverage One ***on behalf of*** One Medical.") (emphasis added). *See also, e.g* Amended Complaint Para 47 ("the Calls were made by Coverage One on behalf of One Medical"); Paras 3, 5, 48, 52, 53 (all alleging that the telephone solicitations were on behalf of One Medical).

There is no allegation in the Amended Complaint that Coverage One made the alleged telephone solicitations on its ***own behalf***.

---

## **Registration Certificate Claim Should be Dismissed with Prejudice**

Plaintiff's Registration Certificate Claim is based on Plaintiff's allegation that "Defendant failed to obtain a registration certificate from the Office of the Secretary of State of Texas pursuant to § 302.101 of the Texas Business and Commerce Code." Amended Complaint, Para 240. As stated herein, however the obligation to obtain a registration certificate under TX Bus. & Com. § 302.101 is limited to sellers, i.e. persons who make telephone solicitations on their own behalf. Plaintiff's Amended Complaint fails to plausibly state a claim pursuant to TX Bus. & Com. § 302.101 as Plaintiff's does not make any allegation that Coverage One made the alleged telephone solicitations on its own behalf and as result, Plaintiff's Registration Certificate Claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Moreover, this dismissal should be with prejudice, as it is clear, based at a minimum on the Amended Complaint's inextricable reliance on the claim that Coverage One made the alleged telephone solicitations on behalf of One Medical, that any amendment attempting to allege that Coverage One was a seller obligated by TX Bus. & Com. § 302.101 would be futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (Before dismissing an action with prejudice, courts within the Fifth Circuit generally give plaintiffs at least one opportunity to amend a complaint that fails to state a claim, *__unless__* the court determines that amendment would be futile).

In addition to the foregoing justification for dismissal with prejudice of Plaintiff's Registration Certificate Claim under TX Bus. & Com. § 302.101, Plaintiff should further be precluded from bringing any claim under Chapter 302 of the Texas Business & Commerce Code – Regulation of Telephone Solicitation. To be sure, TX Bus. & Com. § 302.252 prohibits a person

from knowingly acting as a salesperson[4] on behalf of a seller who violates the registration requirement of TX Bus. & Com. § 302.101. While, Defendant, Coverage One has meritorious defenses to a claim under TX Bus. & Com. § 302.252,[5] Plaintiff has had a sufficient opportunity to attempt to adequately allege a claim against Coverage One under Chapter 302 of the Texas Business & Commerce Code *as salesperson*, and has failed to do so. *See ABC Arbitrage Plaintiffs Grp. v. Tchuruk*, 291 F.3d 336, 362 (5th Cir.2002) (holding that it was not abuse of discretion to deny plaintiffs a third opportunity to sufficiently state a claim).

The issues with Plaintiff's claim under Chapter 302 of Texas Business & Commerce Code was specifically addressed in Defendant's Request for Pre-Motion Conference (Dkt. 15) ("it is Coverage One's position that an unregistered salesperson does not violate TX Bus. & Com. § 302.101 if such salesperson is making calls on behalf of a seller that is registered or otherwise exempt from the registration requirement. In confirmation of this position the TX Bus. & Com. has a separate provision prohibiting salespersons from knowingly making telephone solicitations on behalf of an unregistered seller. *See* TX Bus. & Com. § 302.252"). Accordingly, as a result of Plaintiff being on notice of the deficiencies with its claims under Chapter 302 of the Texas Business & Commerce Code and failure to address the deficiencies in its Amended Complaint, combined with the fact that the Amended Complaint is actually Plaintiff's third complaint against Defendant, Coverage One,[6] Defendant respectfully requests that if should this Court dismiss Plaintiff's claims under Chapter 302 of the Texas Business & Commerce Code with prejudice.

---

[4] "Salesperson" is defined in TX Bus. & Com. § 302.001(4) as "a person who is employed or authorized by a seller to make a telephone solicitation."
[5] Including that the alleged "seller" One Medical did not violate the registration requirements of Chapter 302. See TX Bus. & Com. § 302.053(2) (Exemption for "a publicly traded corporation registered with the Securities and Exchange Commission or the State Securities Board, or a subsidiary or agent of the corporation.")
[6] *See* Dkt. 15, "On August 25, 2023 Plaintiff filed her initial Complaint ("Initial Complaint") in the United States District Court for Northern District of California ("ND CAL") against [] Coverage One."

## Conclusion

For the foregoing reasons, Defendant respectfully requests that the Court dismiss the Plaintiff's Registration Certificate Claim and related claims under Chapter 302 Texas Business & Commerce Code with prejudice under Fed. R. Civ. P. 12(b)(6), and grant such other relief as it deems necessary and proper.

## II.   ANSWER

Subject to Defendant, Coverage One Insurance Groups, LLC's ("Defendant" or "Coverage One") Partial Motion to Dismiss the Amended Class Action Complaint (Dkt. 20, "Amended Complaint") filed by Plaintiff, Cheryll Clewett ("Plaintiff" or "Ms. Clewett") Defendant Answers Plaintiff's Amended Complaint as follows:

1.   The allegations contained in Paragraph 1 are denied and strict proof is demanded thereof.

2.   Defendant admits the allegation contained in Paragraph 2.

3.   The allegations contained in Paragraph 3 are denied and strict proof is demanded thereof.

4.   One Medical's 2022 Annual Report submitted to the Security Exchange Commission (SEC) speaks for itself, and as to all the other allegations contained in Paragraph 4, such allegations are denied and strict proof is demanded thereof.

5.   The allegations contained in Paragraph 5 are denied and strict proof is demanded thereof.

6.   The allegations contained in Paragraph 6 are denied and strict proof is demanded thereof.

7.   The allegations contained in Paragraph 7 are denied and strict proof is demanded thereof.

8.   The allegations contained in Paragraph 8 are denied and strict proof is demanded thereof.

9.   The Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA") speaks for itself, and as to all the other allegations contained in Paragraph 9, such allegations are denied and strict proof is demanded thereof.

10.     The TCPA speaks for itself, and as to all the other allegations contained in Paragraph 10, such allegations are denied and strict proof is demanded thereof.

11.     Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 11.

### Jurisdiction and Venue

12.     Defendant admits the allegations contained in Paragraph 12.

13.     The allegations contained in Paragraph 13 are denied and strict proof is demanded thereof.

14.     The allegations contained in Paragraph 14 are denied and strict proof is demanded thereof.

15.     Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 15.

16.     28 U.S.C. § 1367(a) speaks for itself, and as to all other allegations contained in Paragraph 16, such allegations are denied and strict proof is demanded thereof.

### Parties

17.     Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 17.

18.     Defendant admits the allegations contained in Paragraph 18.

19.     Defendant admits the allegations contained in Paragraph 19.

20.     Defendant admits the allegations contained in Paragraph 20.

### TCPA Background

21.     Paragraph 21 contains a statement of legislative history in which an admission or denial is not necessary.

22. Paragraph 22 contains a statement of law that in which an admission or denial is not necessary, to the extent however Plaintiff alleges that TCPA is "relevant here" however such allegations are denied and strict proof is demanded thereof.

23. Paragraph 23 contains a statement of law that in which an admission or denial is not necessary.

24. Paragraph 24 contains a statement of law that in which an admission or denial is not necessary.

25. Paragraph 25 contains a statement of law that in which an admission or denial is not necessary.

26. Paragraph 26 contains a statement of law that in which an admission or denial is not necessary.

27. Paragraph 27 contains a statement of law that in which an admission or denial is not necessary.

28. Paragraph 28 contains a statement of law that in which an admission or denial is not necessary.

29. The allegations contained in Paragraph 29 are denied and strict proof is demanded thereof.

30. Paragraph 30 contains a statement of law that in which an admission or denial is not necessary.

31. The allegations contained in Paragraph 31 are denied and strict proof is demanded thereof.

32. The allegations contained in Paragraph 32 are denied and strict proof is demanded thereof.

33. The TCPA speaks for itself, and as to all the other allegations contained in Paragraph 33, such allegations are denied and strict proof is demanded thereof.

34. The TCPA speaks for itself, and as to all the other allegations contained in Paragraph 34, such allegations are denied and strict proof is demanded thereof.

35. The TCPA speaks for itself, and as to all the other allegations contained in Paragraph 35, such allegations are denied and strict proof is demanded thereof.

36. The TCPA speaks for itself, and as to all the other allegations contained in Paragraph 36, such allegations are denied and strict proof is demanded thereof.

37. The TCPA speaks for itself, and as to all the other allegations contained in Paragraph 37, such allegations are denied and strict proof is demanded thereof.

38. The Texas Business & Commerce Code speaks for itself, and as to all the other allegations contained in Paragraph 38, such allegations are denied and strict proof is demanded thereof.

39. The Texas Business & Commerce Code speaks for itself, and as to all the other allegations contained in Paragraph 39, such allegations are denied and strict proof is demanded thereof.

40. The Texas Business & Commerce Code speaks for itself, and as to all the other allegations contained in Paragraph 40, such allegations are denied and strict proof is demanded thereof.

**Factual Allegations**

41. Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 41.

42. Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 42.

43. Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 43.

44. Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 44.

45.    Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 45.

46.    The allegations contained in Paragraph 46 are denied and strict proof is demanded thereof.

47.    The allegations contained in Paragraph 47 are denied and strict proof is demanded thereof.

48.    The allegations contained in Paragraph 48 are denied and strict proof is demanded thereof.

49.    The allegations contained in Paragraph 49 are denied and strict proof is demanded thereof.

50.    The allegations contained in Paragraph 50 are denied and strict proof is demanded thereof.

51.    The allegations contained in Paragraph 51 are denied and strict proof is demanded thereof.

52.    The allegations contained in Paragraph 52 are denied and strict proof is demanded thereof.

53.    The allegations contained in Paragraph 53 are denied and strict proof is demanded thereof.

54.    The allegations contained in Paragraph 54 are denied and strict proof is demanded thereof.

55.    The allegations contained in Paragraph 55 are denied and strict proof is demanded thereof.

56.    The allegations contained in Paragraph 56 are denied and strict proof is demanded thereof.

57.    The allegations contained in Paragraph 57 are denied and strict proof is demanded thereof.

### *The July 13, 2023 Call*

58.    The allegations contained in Paragraph 58 are denied and strict proof is demanded thereof.

59.    Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 59.

60.    Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 60.

61.    Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 61.

62.    The allegations contained in Paragraph 62 are denied and strict proof is demanded thereof.

63.    Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 63.

64.    The allegations contained in Paragraph 64 are denied and strict proof is demanded thereof.

65.    The allegations contained in Paragraph 65 are denied and strict proof is demanded thereof.

66.    The allegations contained in Paragraph 66 are denied and strict proof is demanded thereof.

67.    The allegations contained in Paragraph 67 are denied and strict proof is demanded thereof.

68.    The allegations contained in Paragraph 68 are denied and strict proof is demanded thereof.

69.    The allegations contained in Paragraph 69 are denied and strict proof is demanded thereof.

70.    The allegations contained in Paragraph 70 are denied and strict proof is demanded thereof.

71.    The allegations contained in Paragraph 71 are denied and strict proof is demanded thereof.

72.    The allegations contained in Paragraph 72 are denied and strict proof is demanded thereof.

73.    The allegations contained in Paragraph 73 are denied and strict proof is demanded thereof.

74.    The allegations contained in Paragraph 74 are denied and strict proof is demanded thereof.

75.    The allegations contained in Paragraph 75 are denied and strict proof is demanded thereof.

76.    Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 76.

77.    The allegations contained in Paragraph 77 are denied and strict proof is demanded thereof.

78.    The allegations contained in Paragraph 78 are denied and strict proof is demanded thereof.

79.    The allegations contained in Paragraph 79 are denied and strict proof is demanded thereof.

80.    The allegations contained in Paragraph 80 are denied and strict proof is demanded thereof.

81.    The allegations contained in Paragraph 81 are denied and strict proof is demanded thereof.

82.    The allegations contained in Paragraph 82 are denied and strict proof is demanded thereof.

83.    The allegations contained in Paragraph 83 are denied and strict proof is demanded thereof.

84.   The allegations contained in Paragraph 84 are denied and strict proof is demanded thereof.

85.   The allegations contained in Paragraph 85 are denied and strict proof is demanded thereof.

86.   The allegations contained in Paragraph 86 are denied and strict proof is demanded thereof.

87.   The allegations contained in Paragraph 87 are denied and strict proof is demanded thereof.

88.   The allegations contained in Paragraph 88 are denied and strict proof is demanded thereof.

89.   The allegations contained in Paragraph 89 are denied and strict proof is demanded thereof.

90.   The allegations contained in Paragraph 90 are denied and strict proof is demanded thereof.

91.   The allegations contained in Paragraph 91 are denied and strict proof is demanded thereof.

92.   The allegations contained in Paragraph 92 are denied and strict proof is demanded thereof.

93.   The allegations contained in Paragraph 93 are denied and strict proof is demanded thereof.

94.   The allegations contained in Paragraph 94 are denied and strict proof is demanded thereof.

*The July 18, 2023 Call*

95.   The allegations contained in Paragraph 95 are denied and strict proof is demanded thereof.

96.   The allegations contained in Paragraph 96 are denied and strict proof is demanded thereof.

97.   The allegations contained in Paragraph 97 are denied and strict proof is demanded thereof.

98.   The allegations contained in Paragraph 98 are denied and strict proof is demanded thereof.

99.   The allegations contained in Paragraph 99 are denied and strict proof is demanded thereof.

100.  The allegations contained in Paragraph 100 are denied and strict proof is demanded thereof.

101.  Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 101, however to the extent such allegations relate to Plaintiff's claims against Defendant, such allegations are denied and strict proof is demanded thereof.

102.  The allegations contained in Paragraph 102 are denied and strict proof is demanded thereof.

103.  Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 103, however to the extent such allegations relate to Plaintiff's claims against Defendant, such allegations are denied and strict proof is demanded thereof.

104.  Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 104, however to the extent such allegations relate to Plaintiff's claims against Defendant, such allegations are denied and strict proof is demanded thereof.

105.  Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 105, however to the extent such allegations relate to Plaintiff's claims against Defendant, such allegations are denied and strict proof is demanded thereof.

106.  Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 106, however to the extent such allegations relate to Plaintiff's claims against Defendant, such allegations are denied and strict proof is demanded thereof.

107.  Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 107, however to the extent such allegations relate to Plaintiff's claims against Defendant, such allegations are denied and strict proof is demanded thereof.

108.  Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 108, however to the extent such allegations relate to Plaintiff's claims against Defendant, such allegations are denied and strict proof is demanded thereof.

109.  Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 109, however to the extent such allegations relate to Plaintiff's claims against Defendant, such allegations are denied and strict proof is demanded thereof.

110.  Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 110, however to the extent such allegations relate to Plaintiff's claims against Defendant, such allegations are denied and strict proof is demanded thereof.

111.  Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 111, however to the extent such allegations relate to Plaintiff's claims against Defendant, such allegations are denied and strict proof is demanded thereof.

112.  Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 112, however to the extent such allegations relate to Plaintiff's claims against Defendant, such allegations are denied and strict proof is demanded thereof.

113.  The allegations contained in Paragraph 113 are denied and strict proof is demanded thereof, however to the extent such allegations relate to Plaintiff's claims against Defendant, such allegations are denied and strict proof is demanded thereof.

114.  The allegations contained in Paragraph 114 are denied and strict proof is demanded thereof, however to the extent such allegations relate to Plaintiff's claims against Defendant, such allegations are denied and strict proof is demanded thereof.

115.  Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 115, however to the extent such allegations relate to Plaintiff's claims against Defendant, such allegations are denied and strict proof is demanded thereof.

116.  Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 116, however to the extent such allegations relate to Plaintiff's claims against Defendant, such allegations are denied and strict proof is demanded thereof.

117. Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 117, however to the extent such allegations relate to Plaintiff's claims against Defendant, such allegations are denied and strict proof is demanded thereof.

118. Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 118, however to the extent such allegations relate to Plaintiff's claims against Defendant, such allegations are denied and strict proof is demanded thereof.

119. Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 119, however to the extent such allegations relate to Plaintiff's claims against Defendant, such allegations are denied and strict proof is demanded thereof.

120. Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 120, however to the extent such allegations relate to Plaintiff's claims against Defendant, such allegations are denied and strict proof is demanded thereof.

*Anita's July 21, 2023 Follow-up Call*

121. Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 121, however to the extent such allegations relate to Plaintiff's claims against Defendant, such allegations are denied and strict proof is demanded thereof.

122. Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 122, however to the extent such allegations relate to Plaintiff's claims against Defendant, such allegations are denied and strict proof is demanded thereof.

123. Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 123, however to the extent such allegations relate to Plaintiff's claims against Defendant, such allegations are denied and strict proof is demanded thereof.

124. Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 124, however to the extent such allegations relate to Plaintiff's claims against Defendant, such allegations are denied and strict proof is demanded thereof.

125. Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 124, however to the extent such allegations relate to Plaintiff's claims against Defendant, such allegations are denied and strict proof is demanded thereof.

126. Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 126, however to the extent such allegations relate to Plaintiff's claims against Defendant, such allegations are denied and strict proof is demanded thereof.

127. Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 127, however to the extent such allegations relate to Plaintiff's claims against Defendant, such allegations are denied and strict proof is demanded thereof.

128. Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 128, however to the extent such allegations relate to Plaintiff's claims against Defendant, such allegations are denied and strict proof is demanded thereof.

129. Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 129, however to the extent such allegations relate to Plaintiff's claims against Defendant, such allegations are denied and strict proof is demanded thereof.

130. Defendant admits that the telephone number (888)-288-6302 is associated with Coverage One, however to the extent the allegations contained in Paragraph 130 relate to Plaintiff's claims against Defendant, such allegations are denied and strict proof is demanded thereof.

*Ms. Clewett's July 24, 2023 Call to Coverage One*

131. Defendant admits the allegations contained in Paragraph 131.

132. Defendant admits the allegations contained in Paragraph 132.

133. Defendant denies the allegations contained in Paragraph 133 specifically with respect to Plaintiff's recitation of her conversation with Coverage One's representative. However, this denial is without waiver or prejudice of Coverage One's Affirmative Defenses including that it did not make calls in violation of the TCPA, and strict proof is demanded thereof.

134. Defendant denies the allegations contained in Paragraph 134 specifically with respect to Plaintiff's recitation of her conversation with Coverage One's representative. However, this denial is without waiver or prejudice of Coverage One's Affirmative Defenses including that it did not make calls in violation of the TCPA, and strict proof is demanded thereof.

*Anita's July 25, 2023 Follow Up Call*

135. Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 135, however to the extent such allegations relate to Plaintiff's claims against Defendant, such allegations are denied and strict proof is demanded thereof.

136. Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 136, however to the extent such allegations relate to Plaintiff's claims against Defendant, such allegations are denied and strict proof is demanded thereof.

137. Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 137, however to the extent such allegations relate to Plaintiff's claims against Defendant, such allegations are denied and strict proof is demanded thereof.

138. Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 138, however to the extent such allegations relate to Plaintiff's claims against Defendant, such allegations are denied and strict proof is demanded thereof.

*Anita's July 26, 2023 Follow-up Call*

139. Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 139, however to the extent such allegations relate to Plaintiff's claims against Defendant, such allegations are denied and strict proof is demanded thereof.

140. Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 140, however to the extent such allegations relate to Plaintiff's claims against Defendant, such allegations are denied and strict proof is demanded thereof.

141. Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 141, however to the extent such allegations relate to Plaintiff's claims against Defendant, such allegations are denied and strict proof is demanded thereof.

*Ms. Clewett's Written Correspondence*

142. Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 142, however to the extent such allegations relate to Plaintiff's claims against Defendant, such allegations or denied and strict proof is demanded thereof.

143. Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 143, however to the extent such allegations relate to Plaintiff's claims against Defendant, such allegations are denied and strict proof is demanded thereof.

144. Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 144, however to the extent such allegations relate to Plaintiff's claims against Defendant, such allegations are denied and strict proof is demanded thereof.

145. Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 145, however to the extent such allegations relate to Plaintiff's claims against Defendant, such allegations are denied and strict proof is demanded thereof.

146. Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 146, however to the extent such allegations relate to Plaintiff's claims against Defendant, such allegations are denied and strict proof is demanded thereof.

*Coverage One's Admissions*

147. The allegations contained in Paragraph 147 are denied and strict proof is demanded thereof. Additionally, Plaintiff's use of statements made during compromise negotiations pursuant to Federal Rule of Evidence 408 ("FRE 408") are improper.

148. The allegations contained in Paragraph 148 are denied and strict proof is demanded thereof. Additionally, Plaintiff's use of statements made during compromise negotiations pursuant to FRE 408.

149. Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 149.

150. The allegations contained in Paragraph 150 are denied and strict proof is demanded thereof.

151. The allegations contained in Paragraph 151 are denied and strict proof is demanded thereof.

152. The allegations contained in Paragraph 152 are denied and strict proof is demanded thereof.

153. Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 153.

154. The allegations contained in Paragraph 154 are denied and strict proof is demanded thereof.

155. The allegations contained in Paragraph 155 are denied and strict proof is demanded thereof.

156. The allegations contained in Paragraph 156 are denied and strict proof is demanded thereof.

157.   The allegations contained in Paragraph 157 are denied and strict proof is demanded thereof.

158.   The allegations contained in Paragraph 158 are denied and strict proof is demanded thereof.

159.   Defendant admits the allegations contained in Paragraph 159.

## DEFENDANT'S LIABILITY

160.   The allegations contained in Paragraph 160 are denied and strict proof is demanded thereof.

161.   Paragraph 161 contains a statement of law that in which an admission or denial is not necessary. It is 47 C.F.R. §64.1200(f)(9) and not 47 C.F.R. §64.1200(f)(8).

162.   Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 162.

163.   The allegations contained in Paragraph 163 are denied and strict proof is demanded thereof.

164.   The allegations contained in Paragraph 164 are denied and strict proof is demanded thereof.

165.   The allegations contained in Paragraph 165 are denied and strict proof is demanded thereof.

166.   The allegations contained in Paragraph 166 are denied and strict proof is demanded thereof.

167.   The allegations contained in Paragraph 167 are denied and strict proof is demanded thereof.

168.   The allegations contained in Paragraph 168 are denied and strict proof is demanded thereof.

169.   The allegations contained in Paragraph 169 are denied and strict proof is demanded thereof.

170.   The allegations contained in Paragraph 170 are denied and strict proof is demanded thereof.

171.   The allegations contained in Paragraph 171 are denied and strict proof is demanded thereof.

## DIRECT LIABILITY

172.   The allegations contained in Paragraph 172 are denied and strict proof is demanded thereof.

173.   The allegations contained in Paragraph 173 are denied and strict proof is demanded thereof.

174. Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 174, however to the extent such allegations relate to Plaintiff's claims against Defendant, such allegations are denied and strict proof is demanded thereof.

175. Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 175, however to the extent such allegations relate to Plaintiff's claims against Defendant, such allegations are denied and strict proof is demanded thereof.

176. Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 176, however to the extent such allegations relate to Plaintiff's claims against Defendant, such allegations are denied and strict proof is demanded thereof.

177. Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 177, however to the extent such allegations relate to Plaintiff's claims against Defendant, such allegations are denied and strict proof is demanded thereof.

178. The allegations contained in Paragraph 178 are denied and strict proof is demanded thereof.

179. The allegations contained in Paragraph 179 are denied and strict proof is demanded thereof.

## **ACTUAL AUTHORITY**

180. Paragraph 180 contains a statement of law that in which an admission or denial is not necessary.

181. The allegations contained in Paragraph 181 are denied and strict proof is demanded thereof.

182. The allegations contained in Paragraph 182 are denied and strict proof is demanded thereof.

183. The allegations contained in Paragraph 183 are denied and strict proof is demanded thereof.

184. Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 184, however to the extent such allegations relate to Plaintiff's claims against Defendant, such allegations are denied and strict proof is demanded thereof.

185.   The allegations contained in Paragraph 185 are denied and strict proof is demanded thereof.

186.   The allegations contained in Paragraph 186 are denied and strict proof is demanded thereof.

187.   The allegations contained in Paragraph 187 are denied and strict proof is demanded thereof.

188.   The allegations contained in Paragraph 188 are denied and strict proof is demanded thereof.

189.   The allegations contained in Paragraph 189 are denied and strict proof is demanded thereof.

190.   The allegations contained in Paragraph 190 are denied and strict proof is demanded thereof.

191.   The allegations contained in Paragraph 191 are denied and strict proof is demanded thereof.

192.   The allegations contained in Paragraph 192 are denied and strict proof is demanded thereof.

193.   The allegations contained in Paragraph 193 are denied and strict proof is demanded thereof.

194.   The allegations contained in Paragraph 194 are denied and strict proof is demanded thereof.

195.   Paragraph 195 contains a statement of law that in which an admission or denial is not necessary.

196.   The allegations contained in Paragraph 196 are denied and strict proof is demanded thereof.

## APPARENT AUTHORITY

197.   Paragraph 197 contains a statement of law that in which an admission or denial is not necessary.

198.   The allegations contained in Paragraph 198 are denied and strict proof is demanded thereof.

199.   The allegations contained in Paragraph 199 are denied and strict proof is demanded thereof.

200.   The allegations contained in Paragraph 200 are denied and strict proof is demanded thereof.

201.   Defendant lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 201.

## RATIFICATION

202.   The allegations contained in Paragraph 202 are denied and strict proof is demanded thereof.

203. The allegations contained in Paragraph 203 are denied and strict proof is demanded thereof.

204. The allegations contained in Paragraph 204 are denied and strict proof is demanded thereof.

205. The allegations contained in Paragraph 205 are denied and strict proof is demanded thereof.

206. The allegations contained in Paragraph 206 are denied and strict proof is demanded thereof.

207. The allegations contained in Paragraph 207 are denied and strict proof is demanded thereof.

208. The allegations contained in Paragraph 208 are denied and strict proof is demanded thereof.

209. The allegations contained in Paragraph 209 are denied and strict proof is demanded thereof.

## CLASS ALLEGATIONS

210. Defendant admits the allegations contained in Paragraph 210 only with respect to the fact that Plaintiff seeks injunctive relief and damages from Defendant on behalf of a class of persons. Answering further, Defendant denies that Plaintiff is entitled to the relief requested and denies the propriety of the proposed class description.

211. Defendant admits only that Plaintiff seeks to exclude the persons and entities listed in Paragraph 211 from the proposed class.  Answering further, Defendant denies the propriety of the proposed class.

212. Defendant admits the allegations contained in Paragraph 212 only with respect to the fact that Plaintiff seeks injunctive relief and damages from Defendant on behalf of a class of persons. Answering further, Defendant denies that Plaintiff is entitled to the relief requested and denies the propriety of the proposed class description.

213. The allegations contained in Paragraph 213 are denied and strict proof is demanded thereof.

214. The allegations contained in Paragraph 214 are denied and strict proof is demanded thereof.

215. The allegations contained in Paragraph 215 are denied and strict proof is demanded thereof.

216. The allegations contained in Paragraph 216 are denied and strict proof is demanded thereof.

217. The allegations contained in Paragraph 217 are denied and strict proof is demanded thereof.

218. The allegations contained in Paragraph 218 are denied and strict proof is demanded thereof.

219. The allegations contained in Paragraph 219 are denied and strict proof is demanded thereof.

220. The allegations contained in Paragraph 220 are denied and strict proof is demanded thereof.

221. The allegations contained in Paragraph 221 are denied and strict proof is demanded thereof.

222. The allegations contained in Paragraph 222 are denied and strict proof is demanded thereof.

223. The allegations contained in Paragraph 223 are denied and strict proof is demanded thereof.

224. The allegations contained in Paragraph 224 are denied and strict proof is demanded thereof.

## FIRST CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(c)
### (On Behalf of Plaintiff and the Registry Class)

225. Defendant repeats and reallege its answers to Paragraphs 1 through 124 as though they were fully restated herein.

226. The allegations contained in Paragraph 226 are denied and strict proof is demanded thereof.

227. The allegations contained in Paragraph 227 are denied and strict proof is demanded thereof.

228. The allegations contained in Paragraph 228 are denied and strict proof is demanded thereof.

229. The allegations contained in Paragraph 229 are denied and strict proof is demanded thereof.

230. The allegations contained in Paragraph 230 are denied and strict proof is demanded thereof.

## SECOND CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(c)
### (On behalf of Plaintiff and the Policy Class)

231. Defendant repeats and reallege its answers to Paragraphs 1 through 124 as though they were fully restated herein.

232. The allegations contained in Paragraph 232 are denied and strict proof is demanded thereof.

233. The allegations contained in Paragraph 233 are denied and strict proof is demanded thereof.

234.  The allegations contained in Paragraph 234 are denied and strict proof is demanded thereof.

235.  The allegations contained in Paragraph 235 are denied and strict proof is demanded thereof.

236.  The allegations contained in Paragraph 236 are denied and strict proof is demanded thereof.

237.  The allegations contained in Paragraph 237 are denied and strict proof is demanded thereof.

238.  The allegations contained in Paragraph 238 are denied and strict proof is demanded thereof.

**THIRD CAUSE OF ACTION[7]**
**Violations of Texas Business and Commerce Code, § 302.101**
**(On Behalf of Plaintiff and the Texas § 302.101 Class)**

239.  Defendant repeats and reallege its answers to Paragraphs 1 through 238 as though they were fully restated herein.

240.  The allegations contained in Paragraph 240 are denied and strict proof is demanded thereof.

241.  The allegations contained in Paragraph 241 are denied and strict proof is demanded thereof.

242.  The allegations contained in Paragraph 242 are denied and strict proof is demanded thereof.

243.  The allegations contained in Paragraph 243 are denied and strict proof is demanded thereof.

**FOURTH CAUSE OF ACTION**
**Violations of Texas Business and Commerce Code, Chapter 305**
**(On Behalf of Plaintiff and the Texas Class)**

244.  Defendant repeats and reallege its answers to Paragraphs 1 through 243 as though they were fully restated herein.

245.  Defendant admits the allegation in Paragraph 245.

246.  Defendant admits the allegation in Paragraph 246.

247.  Paragraph 247 contains a statement of law that in which an admission or denial is not necessary.

---

[7] Defendant's Answer to Plaintiff's Third Cause of Action Violations of Texas Business and Commerce Code, § 302.101 is without waiver and directly subject to Defendant's Partial Motion to Dismiss.

248.   The allegations contained in Paragraph 248 are denied and strict proof is demanded thereof.

249.   The allegations contained in Paragraph 249 are denied and strict proof is demanded thereof.

250.   The allegations contained in Paragraph 250 are denied and strict proof is demanded thereof.

251.   The allegations contained in Paragraph 251 are denied and strict proof is demanded thereof.

**PRAYER FOR RELIEF**

Defendant denies the allegations in the Amended Complaint in the unnumbered paragraph titled "PRAYER FOR RELIEF" including its subparts.

## III.   <u>AFFIRMATIVE DEFENSES</u>

Subject to Defendant, Coverage One Insurance Groups, LLC's ("Defendant" or "Coverage One") Partial Motion to Dismiss the Amended Class Action Complaint (Dkt. 20, "Amended Complaint") filed by Plaintiff, Cheryll Clewett ("Plaintiff" or "Ms. Clewett") Defendant asserts the following Affirmative Defenses without assuming any burden of pleading or proof that would otherwise rest on Plaintiff. Defendant may assert additional affirmative defenses to which it may be entitled or which may be developed during discovery, including unique affirmative defenses applicable to different putative class members of Plaintiff's proposed class. Defendant may assert such additional affirmative defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

**Affirmative Defense**

1.   Plaintiff fails to state a claim upon which relief can be granted under any theory of action, including with respect to the ability to claim damages for multiple subsections of the TCPA. *See Beavers v. Metro. Life Ins. Co.,* No. CIV.A. G-07-00260, 2007 WL 3342540, at *2 (S.D. Tex. Nov. 8, 2007), aff'd, 566 F.3d 436 (5th Cir. 2009) ("[I]f the defendant demonstrates that

the named plaintiffs' cause of action should be dismissed…, the entire putative class action complaint should be dismissed.")

## Affirmative Defense

2.  The Court lacks subject matter jurisdiction over this class action because Plaintiff has not suffered any injury or harm cognizable under Article III of the United States' Constitution. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) (Every class member must have Article III standing in order to recover individual damages").

## Affirmative Defense

3.  To the extent that any relief sought by Plaintiff would be duplicative of relief sought by plaintiffs in other lawsuits, including related Case No.: 3:23-cv-04419-JSC (See Dkt. 7, "Plaintiff's Notice of Related Case") subjecting Defendant to the possibility of multiple recoveries, such duplicative recovery is barred.

## Affirmative Defense

4.  Plaintiff has filed and is currently litigating a related case against 1Life Healthcare, Inc. d/b/a One Medical Seniors ("One Medical") in the United States District Court for the Northern District of California (Case No.: 3:23-cv-04419-JSC) (the "N.D. Cal. Case") which arises from a common nucleus of facts. (See Dkt. 7, "Plaintiff's Notice of Related Case"). Currently pending in the N.D. Cal. Case is a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6) and a motion to strike class allegations pursuant to Fed. R. Civ. P. 12(f). Accordingly, Defendant reserves the right to assert as an affirmative defense or other request for relief any ruling in the N.D. Cal. Case, including rulings related Plaintiff's standing and/or class allegations.

## Affirmative Defense

5. The Amended Complaint is barred, in whole or in part, on grounds of prior express invitation or permission. Plaintiff and/or the proposed class members may have given prior express invitation or permission for Defendant to call them. *See* 47 C.F.R. § 64.1200(f)(15)(i); *In the Matter of Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 7 F.C.C. Rcd. 8752 (1992)(the FCC observed that "[m]any commenters express the view that any telephone subscriber that provides his or her telephone number to a business does so with the expectation that the party to whom the number was given will return the call. Hence, any telephone subscriber who releases his or her telephone number has, in effect, given prior express consent to be called by the entity to which the number was released.")

**Affirmative Defense**

6. The Amended Complaint is barred, in whole or in part, as a result of Defendant (or its agent) on information and belief, receiving a call from a phone number matching Plaintiff's phone number prior to the first alleged telephone solicitation from Defendant (or its agent) to Plaintiff on July 13, 2023.

**Affirmative Defense**

7. The Amended Complaint is barred, in whole or in part, on grounds of an established business relationship. Plaintiff and/or the proposed class members may have had or developed an established business relationship with Defendant. *See* 47 C.F.R. § 64.1200(f)(15)(ii); *Charvat v. Southard Corp.*, No. 2:18-CV-190, 2019 WL 13128407 (S.D. Ohio Sept. 30, 2019) (Court found that a call made in violation of the TCPA can still constitute a "voluntary two-way communication" for purposes of establishing a business relationship.)

**Affirmative Defense**

8. The Amended Complaint is barred, in whole or in part, as a result of Plaintiff establishing a business relationship through her alleged communications and inquires into services offered during the alleged calls from Coverage One (or its agent).

**Affirmative Defense**

9. The Amended Complaint is barred, in whole or in part, on grounds that the Defendant did not make calls to encourage the purchase or rental of, or investment in, property, goods, or services. Plaintiff and/or the proposed class members, to the extent they received calls from Defendant, which Defendant does not admit, may not have received calls which encourage the purchase or rental of, or investment in, property, goods, or services. *See* 47 C.F.R. § 64.1200(f)(13), (15).

**Affirmative Defense**

10. The Amended Complaint is barred, in whole or in part, on grounds that one or both of the alleged calls from Coverage One (or its agent) to Plaintiff as alleged in the Complaint, did not encourage the purchase or rental of, or investment in, property, goods, or services, but instead inquired as to Plaintiff's eligibility.

**Affirmative Defense**

11. Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c).

**Affirmative Defense**

12. Without admitting that Defendant is vicariously liable for any of the alleged call attempts to Plaintiff or proposed class members, which Defendant expressly denies, Defendant cannot be held liable for any telephone calls that violate 47 CFR § 64.1200(d) because Defendant or, on

information and belief, the salespersons who allegedly initiated the call attempts, has instituted

adequate procedures that meet the standards in 47 CFR § 64.1200(d)(1)-(6).

**Affirmative Defense**

13. The Complaint is barred, in whole or in part, on grounds that no "do not call request was made."

Plaintiff and/or the proposed class members may have failed to make a do not call request and

therefore lack standing to bring a claim pursuant to 47 CFR § 64.1200(d).

**Affirmative Defense**

14. Upon information and belief, and subject to further investigation, Defendant alleges that the

claims of Plaintiff and/or members of the proposed classes she purports to represent are barred

by the applicable statute of limitations.

**Affirmative Defense**

15. The Amended Complaint is barred, in whole or in part, on the grounds that Plaintiff does not

allege facts sufficient to support class certification.

**Affirmative Defense**

16. Plaintiff has not validly stated a class of litigants capable of certification for a class under the

Federal Rules of Civil Procedure. Plaintiff's class allegations fail to satisfy any of the express

or implied requirements of Federal Rule of Civil Procedure 23(a) – (b).

**Affirmative Defense**

17. Plaintiff will not fairly and adequately protect the interests of the class because, among other

things: the purported class may have received calls different from those received by Plaintiff,

and Plaintiff or putative class members may have given prior express invitation or permission

to Defendant to call them and/or had or developed an established business relationship with

Defendant.

**Affirmative Defense**

18. The putative class should not be certified because individual questions of law and fact with respect to Plaintiff's claims predominate over issues common to the putative classes.

**Affirmative Defense**

19. A class action is not the appropriate method for fair and efficient adjudication of the alleged controversy because, among other things: the purported class may have received calls different from those received by Plaintiff, and Plaintiff and/or class member may have given prior express invitation or permission to Defendant to call them and/or had or developed an established business relationship with Defendant..

**Affirmative Defense**

20. The TCPA, codified at 47 U.S.C. § 227, upon which Plaintiff's claim relies, violates the Due Process provisions of United States Constitution, which prohibit the imposition of grossly excessive or arbitrary punishment on a defendant, and if a class were to be certified and liability were found, the statutory damages provided for in the TCPA would be grossly disproportionate to any nominal "harm" suffered by the putative class members.

**Affirmative Defense**

21. Coverage One did not "initiate" the alleged phone calls. A material element of a TCPA claim is that a plaintiff must plead is that it was the defendant that called a cellular telephone number. *See Cunningham v. Lifestyles Dev., LLC,* 2019 WL 4282039, at *3 (E.D. Tex. Aug. 8, 2019)("Initiating" a telephone call means that the entity "takes the steps necessary to physically place a telephone call.")

**Affirmative Defense**

---

22. The Amended Complaint is barred, in whole or in part, on grounds that Plaintiff fails to adequately plead vicarious liability, including by failing to adequately plead that Defendant authorized, either through actual authority, apparent authority or ratification calls which violate the TCPA (which Defendant denies such calls were made).

**Affirmative Defense**

23. To the extent there was any violation of the TCPA by Defendant, which Defendant denies, Defendant shall be liable for no more than a $500.00 penalty as Defendant denies that it willfully or knowingly violated the TCPA pursuant to 47 U.S.C. § 227(c)(3)(C).

**Affirmative Defense**

24. Defendant did not knowingly or willfully violate the TCPA, or violate the TCPA at all. Defendant contacted persons who had given prior express invitation or permission or whom Defendant had an established business relationship with.

**Affirmative Defense**

25. Defendant acted in good faith, and has established procedures, to avoid any violations of the law. Any violations of the law, which Defendant does not admit, were the result of a bona fide error.

**Affirmative Defense**

26. Plaintiff and her agents, if any, acted in bad faith and with unclean hands based on all relevant facts, law, and circumstances known by them. Accordingly, Plaintiff is barred, in whole or in part, from any recovery in this action.

**Affirmative Defense**

27. To the extent that any violation of law occurred, which Defendant expressly denies, said violation resulted from an error notwithstanding Defendant's routine business practices

intended to avoid such violation. Defendant does not make phone calls as alleged in the Amended Complaint. The phone calls that form the purported basis for Plaintiffs' claims and the class members' claims against Defendant were not made by Defendant, and if they were made, they were initiated by one or more other persons whom Defendant reasonably understands and expects will not violate the statutes and regulations that form the basis of the Amended Complaint.

### Affirmative Defense

28. Plaintiff's claims may be barred, in whole or in part, by the doctrines of unclean hands, fraud, and *in pari delicto.*

### Affirmative Defense

29. The Amended Complaint is barred, in whole or in part, by the doctrines of res judicata, claim and issue preclusion, estoppel, waiver and laches.

### Affirmative Defense

30. Any damages sustained by Plaintiff or proposed members of any putative class must be reduced in proportion to the wrongful or negligent conduct of persons or entities other than Defendant, including third parties, under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and/or comparative fault.

### Affirmative Defense

31. Plaintiff's claims are barred to the extent that any alleged injuries were the result, in whole or in part, of the conduct, negligence, acts, or omissions of Plaintiff or the putative class members.

### Affirmative Defense

32. Without admitting that any damages exist, if damages were suffered by Plaintiffs or members of the class as alleged in the Amended Complaint, those damages were proximately caused by

and contributed by persons other than Defendant, since Defendant does not make phone calls as alleged in the Amended Complaint. The liability, if any exists, of all defendants and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of Defendant should be reduced accordingly.

**Affirmative Defense**

33. Any alleged injury or damage sustained by Plaintiff or members of any putative class were caused, in whole or in part, by the conduct of third parties (1) who were not acting as Defendant's agents, and/or (2) was not ratified by Defendant. Moreover, there is no vicarious liability as to Defendant.

**Affirmative Defense**

34. To the extent there was any violation of the TCPA, which Defendant denies, such violation was the result of conduct of a third-party with whom Defendant has no relationship or who acted outside the scope of any legal authority and/or agency.

**Affirmative Defense**

35. Plaintiff is not entitled to attorneys' fees or costs.

**Affirmative Defense**

36. The Complaint fails to state a valid claim for injunctive relief because Plaintiff cannot establish, among other things, that she does not have an adequate remedy at law. Plaintiff is expressly seeking actual and statutory damages under the TCPA, which would be adequate legal remedies, if any liability were found on the part of Defendants. Additionally, to the extent that Defendant contacted Plaintiff, all such contact has ceased, and there is no ongoing conduct on Defendants' part to be enjoined.

**Affirmative Defense**

37. Plaintiff is prohibited from using of statements made during compromise negotiations pursuant to Federal Rule of Evidence 408.

### Affirmative Defense[8]

38. Plaintiff has failed to state a claim under Chapter 302 of the Texas Business & Commerce Code as Defendant is not a seller as defined in § 302.001(5) therein, and therefore not required to obtain a registration certificate pursuant to § 302.101.

### Reservation of Defenses

Defendant claims the benefit of all other defenses and presumptions set forth in or arising from any rule of law or statute or any other rule of law that is deemed to apply in this action. Defendant reserves the right to assert any additional defenses which may be disclosed during the course of additional investigation and discovery.

**WHEREFORE**, Defendant prays for judgment against Plaintiff as follows:

a. Ordering that Plaintiff takes nothing by its Amended Complaint and dismissing the Amended Complaint with prejudice;

b. Ordering that Plaintiff's Request for Class Certification be denied;

c. Awarding Defendant its costs and disbursements;

d. Providing such other relief as the court deems just and equitable

Dated: February 2, 2024

Respectfully submitted,

By: */s/ Harsh Arora*
    Harsh Arora, Esq., Lead Attorney
    Florida Bar No.: 35271
    S.D. Tex. No.: 3866651
By: */s/ Efraim Adler*

---

[8] Defendant's 37th Affirmative Defense to Plaintiff's is without waiver and directly subject to Defendant's Partial Motion to Dismiss.

---

PARTIAL MOTION TO DISMISS AND ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTFF'S AMENDED COMPLAINT

Efraim Adler, Esq.
Florida Bar No.: 1008261
S.D. Tex. No.: 3866652

NELSON MULLINS RILEY &
SCARBOROUGH LLP
Attorneys for Defendant Coverage One
Insurance Group, LLC
100 SE 3rd Ave., Suite 2700
Ft. Lauderdale, FL 33394
Telephone: 954.745.5254
Facsimile: 954.761.8135
Emails: harsh.arora@nelsonmullins.com
efraim.adler@nelsonmullins.com

Attorneys for Defendant Coverage One
Insurance Group, LLC

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically through the Court's

CM/ECF system in compliance with the Local Rules.

NELSON MULLINS RILEY &
SCARBOROUGH LLP
Attorneys for Defendant Coverage One
Insurance Group, LLC
100 SE 3rd Ave., Suite 2700
Ft. Lauderdale, FL 33394
Telephone: 954.745.5254
Facsimile: 954.761.8135
Emails: harsh.arora@nelsonmullins.com
efraim.adler@nelsonmullins.com
By: */s/ Harsh Arora*
Harsh Arora, Esq., Lead Attorney
Florida Bar No.: 35271
S.D. Tex. No.: 3866651
By: */s/ Efraim Adler*
Efraim Adler, Esq.
Florida Bar No.: 1008261
S.D. Tex. No.: 3866652