United States District Court
Southern District of Texas
**ENTERED**
May 03, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CHERYLL CLEWETT, | § § § | |
| Plaintiff. | § § | |
| V. | § § | CIVIL ACTION NO. 4:23-cv-04461 |
| COVERAGE ONE INSURANCE GROUP, LLC, | § § § § | |
| Defendant. | § § | |

## OPINION AND ORDER

In this putative class action, Plaintiff Cheryll Clewett ("Clewett") complains that Defendant Coverage One Insurance Group, LLC ("Coverage One") made two unsolicited telephone calls to her in July 2023. Coverage One allegedly made those calls on behalf of nonparty, 1Life Healthcare, Inc. d/b/a One Medical ("One Medical"). Based on those calls, Clewett brings claims against Coverage One under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq.; Texas Business and Commerce Code § 305.053; and Texas Business & Commerce Code § 302.101.

Coverage One has filed a Partial Motion to Dismiss, urging me to dismiss the § 302.101 claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. 21. For the reasons discussed below, I **GRANT** the motion and dismiss the § 302.101 claim.

## LEGAL STANDARD

The Rule 12(b)(6) standard is well-known. A complaint may be dismissed when it "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In deciding a Rule 12(b)(6) motion, I must "accept all well-pleaded facts as true, drawing all reasonable inferences in the nonmoving party's favor." *Benfield v. Magee*, 945 F.3d 333, 336 (5th Cir. 2019).

## DISCUSSION

Clewett's third claim is for "Violations of Texas Business and Commerce Code, § 302.101." Dkt. 20 at 32. In bringing this claim, Clewett asserts that Coverage One "placed telephone solicitations to" her telephone number, but "failed to obtain a registration certificate from the Office of the Secretary of State of Texas pursuant to § 302.101." *Id.* Coverage One insists that Clewett's § 302.101 claim is "contradicted and made implausible by the allegations in Plaintiff's Amended Complaint and should be dismissed." Dkt. 21 at 2. I concur.

Section 302.101 provides that "[a] seller may not make a telephone solicitation . . . to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made." TEX. BUS. & COM. CODE § 302.101(a). A violation of this provision subjects the seller "to a civil penalty of not more than $5,000." *Id.* § 302.302(a). A "seller" is defined as "a person who makes a telephone solicitation *on the person's own behalf.*" *Id.* § 302.001(5) (emphasis added).

The allegations in the Amended Complaint are simply incompatible with a finding that Coverage One is a "seller" under the statute. Throughout the Amended Complaint, Clewett repeatedly alleges that Coverage One made the unsolicited calls—not on its own behalf—but "on behalf of One Medical." All told, Clewett says at least seven separate times in the Amended Complaint that Coverage One was acting "on behalf of One Medical" (or something similar) in making the alleged phone calls. *See* Dkt. 20 at 1 ("Coverage One partners with third parties, such as [One Medical], to telemarket *on their behalf* via unsolicited cold calls."); *id.* at 2 ("*On behalf of One Medical*, Coverage One makes aggressive unsolicited telemarketing calls to Medicare-eligible individuals soliciting the primary care

physician services offered by One Medical."); *id.* at 8 ("The calls were made by Coverage One *on behalf of One Medical.*"); *id.* ("Coverage One is one of One Medical's telesales vendors that solicits the services of One Medical *on behalf of One Medical.*"); *id.* at 8–9 ("Alternatively, the act of physically placing the calls to Ms. Clewett *on behalf of One Medical* was done by one of Coverage One's third-party agents at Coverage One's direction and control."); *id.* at 9 ("The first call Ms. Clewett received from Coverage One *on behalf of One Medical* occurred on July 13, 2023."); *id.* at 13 (Clewett "received another call" on July 18, 2023 "from Coverage One *on behalf of One Medical.*").[1] Along these same lines, Clewett alleges that "One Medical authorized and directed Coverage One to promote One Medical's services in accordance with specifications largely dictated by One Medical." *Id.* at 9. Notably absent from the Amended Complaint is a single allegation that Coverage One made the alleged telephone solicitations on its own behalf. That is a critical omission. Put simply, Clewett has pled herself out of a § 302.101 claim.

Clewett offers a number of arguments why I should refrain from dismissing the § 302.101 claim. None are convincing. First, Clewett points me to § 302.003, which provides that "[t]his chapter shall be liberally construed and applied to promote its underlying purpose to protect persons against false, misleading, or deceptive practices in the telephone solicitation business." TEX. BUS. & COM. CODE § 302.003. "Allowing Defendant to escape liability because it is selling services provided by One Medical," Clewett argues, "would not be serving the underlying purpose of the statute." Dkt. 22 at 7. This argument is misplaced. Statutory language cannot be tortured in the guise of liberal construction. *See United States v. M/V Big Sam*, 693 F.2d 451, 455 (5th Cir. 1982) ("[I]t is simply not part of our function as judges to re-write, in the guise of statutory construction, unambiguous statutory language in order to cure what to us seems to be statutory deficiencies."). Section 302.101's registration requirement is clear and unambiguous: it applies only to a seller, which is defined as "a person who makes a telephone solicitation

---

[1] All emphases added.

*on the person's own behalf."* TEX. BUS. & COM. CODE § 302.001(5) (emphasis added). Section 302.101 does not apply, as Clewett would like me to hold, to a person who makes a telephone solicitation on behalf of someone else.

Next, Clewett argues that "[p]er [Coverage One]'s logic, an unscrupulous seller could avoid the registration requirements of [§ 302.101] by contracting with a third-party to make all the fraudulent sales calls it wants," thus "render[ing] the statue meaningless as long as an entity hires a third-party to make the calls." Dkt. 22 at 6–7. As far as I can tell, this argument has been rejected by every court that has considered it. "Other courts in this Circuit have determined that the federal common law principles of agency apply here . . ., and the conduct of the telemarketer who makes the calls can be imputed to the seller if the telemarketer is an agent of the seller." *Guadian v. Progressive Debt Relief, LLC*, No. EP-23-cv-235, 2023 WL 7393129, at *4 (W.D. Tex. Nov. 8, 2023); *see also Callier v. Tip Top Cap. Inc.*, No. EP-23-cv-437, 2024 WL 1637535, at *3 (W.D. Tex. Apr. 16, 2024) (holding that a seller violates § 302.101 when a telemarketer makes calls on behalf of a seller who does not hold a registration certificate); *Forteza v. Pelican Inv. Holdings Grp., LLC*, No. 23-cv-401, 2023 WL 9199001, at *6 (E.D. Tex. Dec. 27, 2023) (same); *Salaiz v. Beyond Fin., LLC*, No. EP-23-cv-6, 2023 WL 6053742, at *5 (W.D. Tex. Sept. 18, 2023) (refusing to dismiss a § 302.101 claim because "Plaintiff has plausibly alleged that Defendant effected or attempted to effect the thirteen calls Plaintiff received by hiring telemarketers to make those calls.").

Clewett also contends that, although One Medical employed and authorized Coverage One to make telephone solicitations, Coverage One should be considered a seller because it made the calls on its "own behalf"—that is, it was in Coverage One's "financial interest to make the calls in furtherance of the sale of One Medical's services." Dkt. 22 at 8. This argument is a stretch. For starters, Clewett fails to make this allegation in the Amended Complaint. "[T]he sufficiency of a complaint rises or falls with the allegations contained in the lawsuit. A party may not rely on new facts asserted for the first time in a response to a motion to dismiss

4

to defeat the underlying motion." *Diamond Beach Owners Ass'n v. Stuart Dean Co.*, No. 3:18-cv-00173, 2018 WL 7291722, at *2 n.2 (S.D. Tex. Dec. 21, 2018).

Even if Clewett had alleged in the Amended Complaint that it was in Coverage One's financial interest to make telephone solicitations on behalf of One Medical, that does not mean that Coverage One made the disputed calls on its "own behalf" so as to qualify as a seller under § 302.101. Under Clewett's reasoning, any telemarketer who makes a phone call on behalf of someone else would automatically qualify as a "seller" if the telemarketer received compensation. Taking such a position completely blurs the distinction between a "seller" and a "salesperson" as defined in the Texas Business and Commerce Code. Chapter 302, titled "Regulation of Telephone Solicitation," contains separate definitions for "seller" and "salesperson." The statute defines a "salesperson" as "a person who is employed or authorized by a seller to make a telephone solicitation." TEX. BUS. & COM. CODE § 302.001(4).[2] Section 302.252, titled "Acting as Salesperson for Unregistered Seller," provides that "[a] person commits an offense if the person knowingly acts as a salesperson on behalf of a seller who violates the registration requirements of this chapter." *Id.* § 302.252(a). As Coverage One notes, "accepting [Clewett's] argument that receipt of financial compensation should transform a salesperson into a seller would turn the interpretation of Chapter 302 on its head, . . . [making] the distinction between sellers and salespersons expressly created by Chapter 302 illusory." Dkt. 23 at 6. I wholeheartedly agree.

At oral argument, Clewett's counsel attempted a Hail Mary, arguing for the first time that, even if Coverage One is not considered a "seller" under the statute, § 302.101(b) nonetheless requires a "salesperson" to hold a registration certificate. To put this argument into the proper context, I reprint the entirety of § 302.101 below:

---

[2] Clewett's counsel concedes that Coverage One is a "salesperson" because it was employed by One Medical to make telephone solicitations on its behalf.

> Sec. 302.101. REGISTRATION CERTIFICATE REQUIRED.
>
> (a) A seller may not make a telephone solicitation from a location in this state or to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made.
>
> (b) A separate registration certificate is required for each business location from which a telephone solicitation is made.

TEX. BUS. & COM. CODE § 302.101.

Section 302.101(a) unquestionably requires a "seller" to hold a registration certificate. Clewett claims that the language in § 302.101(b) is not so limited. In Clewett's view, both a "seller" and "salesperson" are required to obtain a registration certificate "for each business location from which a telephone solicitation is made." *Id.* § 302.101(b). While I applaud Clewett's counsel's creativity, I am not convinced. Section 302.101(b) cannot be read in isolation. *See TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 441 (Tex. 2011) ("It is a fundamental principle of statutory construction and indeed of language itself that words' meanings cannot be determined in isolation but must be drawn from the context in which they are used."). Subsection (b) must be interpreted in light of § 302.101(a)'s requirement that a "seller" hold a registration certificate. Section 302.101(b) simply clarifies that a "seller" cannot hold one registration certificate if it makes telephone solicitations from multiple locations. Under the clear language of the statute, a "seller" must hold a registration certificate "for each business location from which a telephone solicitation is made." TEX. BUS. & COM. CODE § 302.101(b). If the Texas Legislature had wanted to require both a "seller" and a "salesperson" to obtain a registration certificate, it could have easily said so in the statute. The Texas Legislature's failure to include such language in the statute is, under "the doctrine of *expressio unius est exclusio alterius*, the maxim that the expression of one implies the exclusion of others," evidence of clear intent. *Mid–Century Ins. Co. of Tex. v. Kidd*, 997 S.W.2d 265, 273 (Tex. 1999). Moreover, the provisions in Chapter 302 discussing the filing, issuance, and addenda requirements of a registration certificate all indicate that registration statements

6

can only be obtained by a "seller." *See* TEX. BUS. & COM. CODE § 302.102 (requiring a "seller" seeking to obtain a registration certificate to file with the secretary of state a registration statement containing certain information); *id.* § 302.103 (providing that "[t]he secretary of state shall issue a registration certificate and mail the certificate to the seller when the secretary of state receives" certain information); *id.* § 302.105 ("For each quarter after the effective date of a registration statement, the seller shall file with the secretary of state an addendum providing" certain information). In short, Clewett's last gasp fails.

## CONCLUSION

For the reasons explained above, Coverage One's Partial Motion to Dismiss (Dkt. 21) is **GRANTED**. The § 302.101 claim is dismissed.

SIGNED this 3rd day of May 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE